UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM AVILES HARDWOOD FLOORS,<br><br>Plaintiff,<br><br>v.<br><br>JTEKT CORPORATION, et al.,<br><br>Defendants. | Case No.  14-cv-00114-BLF<br><br>**ORDER DENYING, WITHOUT PREJUDICE, ADMINISTRATIVE MOTION TO FILE CERTAIN PORTIONS OF AMENDED COMPLAINT UNDER SEAL**<br><br>[Re: ECF No. 91] |

Before the Court is Plaintiff William Aviles Hardwood Floors' administrative motion to file Paragraphs 92 and 94-99 of its Amended Class Action and Representative Action Complaint ("FACC") under seal. (Admin. Mot., ECF 91)  Defendants have not filed any opposition to the sealing request.  However, because Plaintiff has not articulated compelling reasons in support of its sealing request, the Court DENIES Plaintiff's administrative motion without prejudice.

There is a "strong presumption in favor of access" to public records and documents, including judicial ones. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  A party seeking to seal a judicial record bears the burden of overcoming this presumption by articulating "compelling reasons" for sealing.  *Id.*  The Ninth Circuit has carved out an exception for materials attached to non-dispositive motions, applying the lower "good cause" standard for sealing such documents.  *Id.* 1179-80.  As explained in *Kamakana*, however, the public has less need to access materials attached to non-dispositive motions because they are often "unrelated, or only tangentially related, to the underlying cause of action." *Id.* (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).  The same cannot be said for dispositive motions and documents related to the merits of the case, as such documents are "at the

Case No. 5:14-cv-00114-BLF
ORDER DENYING, WITHOUT PREJUDICE, ADMINISTRATIVE MOTION TO FILE CERTAIN PORTIONS OF AMENDED COMPLAINT UNDER SEAL

heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Id.* at 1179 (quoting *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

Although a complaint is not fixed in stone, it does define—until it is amended—the dispute between the parties and thereby forms the foundation for any decision on the merits. As such, before the Court will permit Plaintiff to seal portions of its FACC, Plaintiff must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal quotations and citations omitted); *accord In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008). Plaintiff has not done so here.

In support of its administrative motion, Plaintiff has submitted a brief declaration by counsel Victoria Romanenko attesting that the portions of the FACC sought to be sealed "address highly sensitive and highly confidential non-public business information, personal information and information relating to government investigations," the disclosure of which "could cause irreparable harm." (Decl. of Victoria Romanenko ¶¶ 3-4, ECF 91-1) This vague generalization about the confidential nature of the information to be sealed is not sufficiently specific for the Court to conclude that compelling reasons favor secrecy over the strong presumption of public access. While it is likely that some of the information in Paragraphs 92 and 94-99 of the FACC may be sealable, Plaintiff must be more specific in articulating the reasons supporting sealing. *See Kamakana*, 447 F.3d at 1179.

Plaintiff's argument that other district courts have sealed documents in similar circumstances is unavailing because the decision to seal must be made on the basis of the documents and facts before this Court.[1] Furthermore, Plaintiff's note that the parties will submit a protective order to designate the information in Paragraphs 92 and 94-99 as "Highly Confidential"

---

[1] The Court notes that at least one of the cases that Plaintiff cites for this proposition also discusses *Kamakana* and the applicable standard for sealing. *See Network Appliance Inc. v. Sun Microsystems Inc.*, No. 07-CV-06053-EDL, 2010 WL 841274, at *1 (N.D. Cal. Mar. 10, 2010).

2
Case No. 5:14-cv-00114-BLF
ORDER DENYING, WITHOUT PREJUDICE, ADMINISTRATIVE MOTION TO FILE CERTAIN PORTIONS OF AMENDED COMPLAINT UNDER SEAL

is irrelevant.  (*See* Admin. Mot. 2:3-4)  A protective order, particularly one adopted by the parties for discovery purposes, is not a blanket authorization to file judicial records under seal.  The "compelling reasons" standard applies to requests to seal judicial records "even if the dispositive motion, or its attachments, were previously filed under seal or protective order."  *Kamakana*, 447 F.3d at 1179 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

For the foregoing reasons, Plaintiff's Administrative Motion to File Certain Portions of Amended Complaint Under Seal is DENIED without prejudice.  Within **seven (7) days** of the date of this order, Plaintiff shall file a supplemental declaration and, if applicable, brief in support of sealing Paragraphs 92 and 94-99 of the FACC.  Plaintiff is also reminded that parties in this District must comply with Civil L.R. 79-5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).  While Plaintiff's request to seal only certain paragraphs of its FACC appears to be closely tailored, Plaintiff may wish to revise its redactions according to the applicable "compelling reasons" standard for sealable material.

**IT IS SO ORDERED.**

Dated: July 16, 2014

_____
BETH LABSON FREEMAN
United States District Judge

3

Case No. 5:14-cv-00114-BLF
ORDER DENYING, WITHOUT PREJUDICE, ADMINISTRATIVE MOTION TO FILE CERTAIN PORTIONS OF AMENDED COMPLAINT UNDER SEAL