UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM AVILES HARDWOOD FLOORS,<br><br>    Plaintiff,<br><br>    v.<br><br>JTEKT CORPORATION, et al.,<br><br>    Defendants. | Case No. 14-cv-00114-BLF<br><br>**ORDER RE PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE CERTAIN PORTIONS OF AMENDED COMPLAINT UNDER SEAL**<br><br>[Re: ECF 91, 99, 112] |

On July 16, 2014, this Court denied, without prejudice, Plaintiff's administrative motion to file portions of its Amended Class Action and Representative Action Complaint ("FACC") under seal because Plaintiff had not articulated compelling reasons in support of sealing. (*See* Order, ECF 99; Admin. Mot., ECF 91) On July 23, 2014, in compliance with the Court's order, Plaintiff filed a revised declaration and supplemental brief in support of sealing. (Revised Romanenko Decl., ECF 112; Suppl. Brief., ECF 112-1)

On review of the supplemental filing, Plaintiff's reasons for sealing again fall short of compelling. Plaintiff asserts that paragraphs 92 and 94-99 contain information "relevant to an ongoing government investigation," information obtained from a confidential informant concerning "specific conspiratorial conduct that has not been made public," and names of certain employees whose connections to the conspiracy have not been publicly revealed. (Revised Romanenko Decl. ¶¶ 3-5) Plaintiff believes that revealing this information to the public "may jeopardize the investigation." (*Id.* ¶ 6)

The Court notes that "[s]imply mentioning a general category of privilege, without any further elaboration . . . does not satisfy the [compelling reasons] burden." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006). Plaintiff does not disclose the general

subject matter of the "ongoing investigation," what government agency is conducting the investigation, how the information sought to be sealed is "relevant" to that investigation, and why disclosure would jeopardize the investigation. Furthermore, it is not at all clear from Plaintiff's filings who designated the information as highly confidential, how Plaintiff obtained the information, and what interest Plaintiff has in maintaining the confidentiality of the information sought to be sealed in Paragraphs 92 and 94-99 of the FACC.[1] Each of the cases that Plaintiff cites in support of sealing information relating to ongoing government investigations is inapposite to this case because they involved either the government advocating for sealing, *see United States v. Park*, 619 F. Supp. 2d 89 (S.D.N.Y. 2009) *and United States v. Northrop Corp.*, 746 F. Supp. 1002 (C.D. Cal. 1990), or the owner of the confidential information submitting a specific declaration in support of sealing, (*see* Supp. Br. Exhs. A-B), or both, (*see id.*). To the extent Plaintiff is seeking to seal information designated confidential by others, the Civil Local Rules have appropriate provisions for shifting the burden of articulating compelling reasons for sealing to the designating party. *See* Civ. L.R. 79-5(e).

Moreover, the proposed redactions are not narrowly tailored to Plaintiff's proffered reasons for sealing. Paragraphs 92, 94-95 and 99 appear too generic to reveal specific details about an ongoing government investigation. *Compare Park*, 619 F. Supp. 2d at 94 (sealed information was *specific* concerning defendant's assistance to the government in ongoing investigation, and sealing was supported by declaration of person with personal knowledge of the investigation). While Paragraphs 96-98 appear to contain allegations of specific conduct, Plaintiff has not explained why the redaction of names and dates is not sufficient to protect the confidential nature of the information or of Plaintiff's informant. Overall, without a more robust explanation, the proposed redactions do not appear narrowly tailored to "protect just the names of particular Defendants' employees and descriptions of specific conspiratorial conduct that is relevant to a government

---

[1] For example, Plaintiff's vague references to an ongoing government investigation as well as a confidential informant lead this Court to conflicting inferences about the source of the information: either the information was obtained from the government or it was obtained through Plaintiff's independent investigation through a confidential informant. If the latter, it is not clear how disclosing this information would jeopardize an ongoing government investigation.

investigation and not public." (Suppl. Br. 2)

For the foregoing reasons, the Court finds Plaintiff's supplemental submissions insufficient to support its request to seal portions of its FACC. The Court will afford Plaintiff another opportunity to supplement its sealing request in order to address the deficiencies identified in this order. Within **seven (7) days** of the date of this order, Plaintiff shall file a supplemental declaration and, if applicable, brief in support of sealing Paragraphs 92 and 94-99 of the FACC.

**IT IS SO ORDERED.**

Dated: August 13, 2014

BETH LABSON FREEMAN
United States District Judge

3